**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**CATHY L. WALDOR**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

## LETTER ORDER

Re:   **Maxlite, Inc. v. M&C Lighting Ltd., et al.
      Civil Action No. 2:12-cv-04072-KSH-CLW**

This matter comes before the Court on Plaintiff Maxlite, Inc.'s ("Maxlite") letter application to quash the subpoena issued to Maxlite President Yon Sung. For the reasons set forth below, Plaintiff's letter application (ECF No. 113) is **GRANTED.**

Maxlite seeks to quash a subpoena issued by Defendant M&C Lighting Ltd. ("M&C Lighting") to Yon Sung, the president of Maxlite. (ECF No. 113). Maxlite contends that the subpoenaed documents are not relevant to the claims or counterclaims in this litigation. (*Id.* at p. 2). Furthermore, according to Maxlite, the documents subject to the subpoena are shielded from discovery by the presumption that tax returns are not discoverable. (*Id.*).

The subpoena seeks tax returns and financial information related to Yon Sung and Franklin International Holdings, Ltd. ("Franklin International") for the years 2008 through 2014. The documents subject to the subpoena include: Yon Sung's federal tax returns, the names and addresses of the accountants who prepared Yon Sung's tax returns, "financial statements" and tax returns for Franklin International, the identity of Franklin International's accountants, and "documents sufficient to identify the owners of [Franklin International]." (ECF No. 113-1).

"[T]he Third Circuit recognizes the public policy favoring non-disclosure of income tax returns as confidential communications between a taxpayer and the government." *Wiggins v. Clementon Police Dep't*, No. CIV. 07-5033 RBK/JS, 2009 WL 2382240, at *3 (D.N.J. July 30, 2009) (citing *DeMasi v. Weiss,* 669 F.2d 114, 119 (3d Cir.1982)). A party seeking the production of tax returns must meet a two-part test to overcome this presumption against disclosure. First, the tax returns must be relevant and the party whose tax information is sought must have "made his or her income an issue in the case." *Id.* at *4. Here, Sung and Franklin International are non-parties to this litigation and have not put their income at issue.

Second, "the party seeking the returns must demonstrate a compelling need for the returns because the information is not otherwise readily obtainable." *Schneck v. Int'l Bus. Machines Corp.*, No. CIV. A. 92-4370(GEB), 1993 WL 765638, at *8 (D.N.J. July 27, 1993). M&C has not demonstrated a "compelling need" for the subpoenaed documents. M&C asserts that it paid so-called "commissions" to Sung on Maxlite's sales to M&C. (ECF No. 114). According to M&C, it paid these "commissions" both directly to Sung and to a Franklin International bank account. (*Id.* at p. 1-2). M&C puts forth two arguments for the subpoenaed documents' relevance. First, the

amount of M&C's payments to Sung is relevant to M&C's damages for its unfair competition counterclaim, because the calculation of M&C's future lost profits will depend on M&C's past expenses, which include its payments to Sung. (*Id.* at p. 2). Second, if Sung's tax returns reveal that Sung failed to report income from these payments, his tax returns may be used for impeachment purposes at trial. (*Id.*). Neither of these arguments meets the heightened standard for relevance applicable to this subpoena. Accordingly, Plaintiff Maxlite's letter application to quash the subpoena issued to Yon Sung is granted.

**Dated May 29, 2019**

     *s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**